IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHISN ILLINOIS
EASTERN DIVISION DISTRICT OF

| | |
|---|---|
| IN RE:  )<br> )<br>  Roumen K Gueorguiev  )<br> )<br>_____) <br>   Roumen K Gueorguiev )<br>        Plaintiff, )<br> )<br>     v. )<br>Chase  )<br>        Defendant. ) | CASE NO. 10 B 04835<br>Judge Hon. Schmetterer<br>CHAPTER 13<br><br><br><br><br>ADV. NO. 10 AP 01162 |

## FINDINGS OF FACT

**A.     The Parties**

1.     The Plaintiff is Roumen K Gueorguiev ("Plaintiff").

2.     The Defendant is Chase ("Defendant").

**B.     Factual Background**

1.     On or about February 9, 2010, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.     Plaintiff owns the real estate commonly known as 2130 River Road, Des Plaines, IL 60018.

3.     That Countrywide Home Lending holds a first mortgage lien on the real property commonly known as 2130 River Road, Des Plaines, IL 60018, with a secured claim of $155,886.00 pursuant to the Plaintiff's credit report. A proof of claim was not filed for the first mortgage lien.

4.     The Defendant holds a second mortgage lien on the real property known as 2130 River Road, Des Plaines, IL 60018 in the approximate amount of $58,201.00 pursuant to Plaintiff's Schedule D. A proof of claim was not filed for the second mortgage lien.

5. That the Plaintiff obtained an appraisal of the property on February 8, 2010 indicating the value of 2130 River Road, Des Plaines, IL 60018 as $155,000.00.

6. The first mortgage lien of Countrywide Home Lending is a secured claim based on the mortgage recorded on July 23, 2003 as document number 0320420123 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Chase is a claim based on the mortgage recorded on April 20, 2006 as document number 0611015012 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $285.00 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of twenty two percent (22%) of their allowed claims.

10. On May 18, 2010, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 2130 River Road, Des Plaines, IL 60018.

11. That on May 18, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at Bank One/Chase, 8333, Ridgepoint Drive, Irving, TX 75063, and 270 Park Ave., New York, NY 10017, and also upon the registered agent at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $155,000.00.

15. The first secured claim of Countrywide Home Lending in the amount of $155,886.00 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A.  Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.  Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of Countrywide Home Lending in the amount of $155,886.00 and the second secured claim of Chase in the amount of $58,201.00.

5. Countrywide Home Lending has not filed a proof of claim for the first claim. Said claim for the amount of $155,886.00, based on the figure reported to the major credit bureaus prior to the filing of the voluntary petition, is secured by a first mortgage in the Plaintiff's residence.

6. No proof of claim has been filed for the second Chase claim. The second claim of Chase in the amount of $58,201.00 is second in priority and is based on the figures listed in Plaintiff's Schedule D.

7. That value of Plaintiff's residence is $155,000.00.

8. As there is no value or equity to support the second priority lien of Chase, the second Chase claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan my value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through he language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Dated: 7/23/10

Enter: _____
United States Bankruptcy Judge

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

JUL 23 2010